**DLD-016**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3304
_____

KELLY DUTTON,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
OFFICE OF ATTORNEY GENERAL;
STATE POLICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-07285)
District Judge:  Honorable Berle M. Schiller
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: November 8, 2012)
_____

OPINION
_____

PER CURIAM

        Kelly Dutton, proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania granting Appellees' motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismissing his civil rights complaint pursuant to 42 U.S.C. § 1983 with prejudice. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In submissions to the District Court, Kelly alleges that he was prohibited from purchasing a firearm because his background check revealed two convictions from 1995, one for carrying a firearm on a public street and one for carrying a firearm without a license. Dutton challenged the Pennsylvania Instant Check System ("PICS") denial to the Pennsylvania State Police's ("PSP") Firearms Division. On February 11, 2011, the PSP Firearms Division advised Dutton that his denial was based upon 18 U.S.C. § 922(g)(1), which prohibits individuals convicted of a crime punishable by imprisonment for a term exceeding one year from possessing a firearm.

Dutton initiated this action against the Commonwealth of Pennsylvania, the Office of the Attorney General, and the PSP in November 2011. In his complaint, Dutton alleges that 18 U.S.C. § 922(g) applies only to felonies and misdemeanor crimes of domestic violence. On April 17, 2012, Appellees filed a motion to dismiss for lack of jurisdiction and for failure to state a claim, and Dutton filed a motion to have Appellees' motion denied on April 26, 2012. On July 23, 2012, the District Court entered an order granting Appellees' motion, denying Dutton's motion, and dismissing Dutton's complaint with prejudice. In an accompanying Memorandum, the District Court

2

determined that Dutton was lawfully denied a firearms license and therefore failed to state a claim against Appellees. Dutton then timely filed this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To establish a claim under § 1983, a plaintiff "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, Dutton appears to allege a violation pursuant

to 18 U.S.C. § 922(g).[1]  As an initial matter, the District Court properly determined that nothing in Dutton's complaints supports his contention that the denial of his firearms license was based upon 18 U.S.C. § 922(g)(9), which prohibits individuals "convicted of a misdemeanor crime of domestic violence" from possessing a firearm.  His convictions do not stem from crimes of domestic violence, and the PSP's Firearms Division specifically informed him that the denial was based upon 18 U.S.C. § 922(g)(1).

Section § 922(g)(1) prohibits individuals who have been convicted of " a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm.  However, this term specifically does not include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or

---

[1] We must construe Dutton's complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that courts must hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers").  However, Dutton does not seem to allege either that Appellees violated his Second Amendment rights or that 18 U.S.C. § 922(g)(1) violates the Second Amendment.  Nevertheless, such a challenge would necessarily fail.  Four years ago, the Supreme Court determined that the Second Amendment confers an individual right to keep and bear arms for self-defense.  District of Columbia v. Heller, 554 U.S. 570, 595 (2008).  However, the Court explicitly noted that this determination did not cast "doubt on longstanding prohibitions on the possession of firearms by felons." Id. at 626; see also McDonald v. City of Chicago, 130 S. Ct. 3020, 3047 (2010) ("We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'").  As discussed below, Dutton's previous convictions classify him as a felon under 18 U.S.C. § 922(g)(1), and this Court has previously determined that 18 U.S.C. § 922(g)(1) is facially constitutional.  United States v. Barton, 633 F.3d 168, 175 (3d Cir. 2011).  Furthermore, the Barton court determined that § 922(g)(1) is constitutional as applied to an individual, like Dutton, who has "presented no facts distinguishing his circumstances from those of other felons who are categorically unprotected by the Second Amendment." Id.

4

less." 18 U.S.C. § 921(a)(20)(B).  While both of Dutton's previous convictions are classified as first degree misdemeanors in Pennsylvania, see 18 Pa. Cons. Stat § 6106(a)(2) (carrying a firearm without a license); Commonwealth v. Foster, 17 A.3d 332, 342 n.16 (Pa. 2011) (noting that a conviction under 18 Pa. Cons. Stat. § 6108 is a first degree misdemeanor), first degree misdemeanors carry a maximum penalty of five years' incarceration, 18 Pa. Cons. Stat. § 106(b)(6).  Accordingly, a conviction for a first degree misdemeanor in Pennsylvania does not satisfy the exception created in 18 U.S.C. § 921(a)(20), and the District Court properly granted Appellees' motion to dismiss Dutton's complaint for failure to state a claim.[2]

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[2] The District Court did not provide Dutton leave to amend his complaint because "any amendment . . . would be futile."  (Dutton v. Pennsylvania, E.D. Pa. Civ. No. 2:11-cv-07285, Docket #7 at 6.); see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that courts should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile").  We conclude that the District Court did not err in declining to allow Dutton an opportunity to amend because we do not see how any amendment to Dutton's complaint would save his claim.